# Exhibit I
## Audit Policy

**I. POLICY**

It is the policy of UPMC Presbyterian to implement procedures to coordinate efforts of all parties in completing a successful third-and-fourth-party audit of medical claims. Requests will be honored by those organizations that are in compliance with the National Healthcare Billing Audit Guidelines and UPMC Presbyterian policies and procedures outlined below. Failure to comply with UPMC Presbyterian policies and procedures or the National Healthcare Billing Audit Guidelines, a lack of ethical behavior, or other actions which are disruptive to the operations of UPMC Presbyterian will result in denial of future audit scheduling at UPMC Presbyterian and the third-party payor will be so notified.

**II. PROCEDURE**

A. Organizations requesting permission to schedule and perform an audit of a UPMC Presbyterian claim are required to certify in writing to UPMC Presbyterian that they are in compliance with the National Healthcare Billing Audit Guidelines.

B. A proper authorization for the release of medical information is required prior to an audit being scheduled. The authorization must:

- To be addressed to UPMC Presbyterian;
- Specify the dates of the UPMC Presbyterian stay;
- State that the reviewing agency has permission to review the records; and
- be signed by the patient and dated.

In the event that the patient is unable to sign for him or herself, the signature of an authorized representative will be accepted only if it is accompanied by an explanation. If the patient is deceased, the signature of the next of kin or the authorized representative, or the signature of the executor/administrator of the estate will be accepted. The signature of the executor/administrator must be accompanied by a short certificate issued by the count Registrar of Wills.

C. All audits must be conducted by a qualified professional well-versed in medical terminology and familiar with health care industry charging and documentation standards.

D. All audits are restricted to the verification of charges. Discussions will not be held with any third-party auditors regarding the "reasonableness" of any charge, nor will financial data or reports regarding cost or pricing policies of UPMC Presbyterian be disclosed to any party outside UPMC Presbyterian unless a contractual agreement exists between UPMC Presbyterian and the party requiring disclosure. Any requests for review of medical necessity are addressed as a separate issue.

E. Payment of a bill should be made promptly and should not be delayed by an audit process. Any account for audit must be paid at 100 percent of the eligible benefits prior to scheduling the audit.

F. The audit must be scheduled within one year of the discharge date on the claim.

G. All charges, including those which are unbilled or appear to be unsupported, must be reported.

H. At completion of audit, an exit interview will be conducted for settlement of the account. All discrepancies must be identified in writing on the UPMC Presbyterian audit bill which is provided to each auditor.

I. UPMC Presbyterian processes any refund due to the third party on the account in question within 30 days of the date that a signed agreement on discrepancies is reached with the audit firm.

J. UPMC Presbyterian does not charge audit fees on accounts paid at 100 percent of eligible benefits within 30 days of the billing date. A $500 audit fee is charged on those accounts where payment is delayed beyond 30 days from the billing date. All fees are payable to UPMC Presbyterian and are to be paid prior to the scheduled audit.

K. Off-site audits are not recognized by UPMC Presbyterian. All requested audits must be completed on-site. On-site reviews encourage mutual understanding of the medical records and affords both parties the opportunity to quickly and efficiently handle questions that may arise.

## III. NON-COMPLIANCE

Failure to comply with the above policy and procedures will result in suspension and/or termination of auditing privileges at UPMC Presbyterian.

## Exhibit II
## Audit Policy
## UPMC Shadyside

The hospital recognizes that billing errors will and do occur in some cases. Such errors may result in an over or under charging to the third party payors who pay billed charges. In certain instances, commercial carriers or their audit agencies request a review of specific claims with the intent to assure billing accuracy and to confirm services provided to billed charges. It will be the policy of the hospital, therefore, to be receptive to such requests subject to the procedures outlined in this policy statement.

**Procedure**

A  100% of the payor's liability must be paid within 30 days of the billing date or there will be a $100.00 audit fee payable at the initiation of the audit process on the pre-scheduled date. At least 90% must be paid to schedule the audit.

B  Audits are by appointment only, and will be scheduled no earlier than 21 days from the request date. To schedule an audit call the Healthcare Financial Analyst of the Internal Audit Department at (412) 623-6175 during the business week. The following information must be provided at that time.

   1. Patient name
   2. Confinement dates (admission-discharge)
   3. Patient hospital number or Medical Record number.
   4. Name of the insurance carrier, auditing company and auditor who will conduct the audit.

   In addition, UPMC Shadyside Hospital will fax or mail a copy of the audit policy.

C  A proper authorization for the release of medical information is required prior to an audit being scheduled. The authorization must include the following:

   1. Name of institution (UPMC Shadyside Hospital).
   2. Name of the third-party payor or audit firm that is to conduct the audit.
      3. Patient's full name.
      4. Purpose for releasing the information.
      5. Specific dates for the confinement to be audited.
      6. Date that the consent is signed by the patient or next of kin.

   In the event that the patient is medically unable to sign for themselves, the signature of the next of kin is acceptable only if explanation is given as to the reason. Signature of actual patient must match that which is found in the medical record. Date which authorization is signed must be after the confinement to be audited. Authorizations will be considered valid for 90 days from the patient's signature.

D  The audit must be scheduled within one year of the discharge date on the claim.

E  All audits will be conducted on Shadyside Hospital premises under the supervision of the Healthcare Financial Analyst.

F  Upon completion of the audit, an exit interview will take place. All discrepancies must be identified in writing, including over and undercharges. The auditing company will furnish a detailed list of all discrepancies to the insurance carrier in their audit report. The insurance company understands that it will remit any undercharges determined as a result of the audit.

03/29/2005 14:00 412-330-9167   Case 1:05-cv-00068-SJM   Document 17   AINSMANLEVINEDREXLER   Filed 09/23/05   Page 4 of 4   PAGE 05/05

MAR-29-2005 13:09        UPMC CONTRACT MGT                    4126473416        P.05

G   If charges are denied by a third-party payor and those charges are identified by the hospital as substantiated and within standard medical practice, the patient will be billed and instructed to contact his/her insurance carrier for an explanation of payment denied.

H   Usual, customary and reasonable charges, issues concerning medical necessity and length of stay will not be addressed in the billing audit. Length of stay issues will be referred to our utilization review department. All audits will be restricted to the verification of charges.

I   It is the function of the medical record to document patient care, charges that result from verbal orders will be considered legitimate and payment will be expected. This would include any tests or procedures ordered as evidence by care given and documented. This would also include nursing measure, comfort care items dispensed by the nursing staff. Denial of charges for care or tests where an order is not documented but where treatment demonstrates an obvious verbal order will be considered arbitrary on the part of the auditing company and payment will be expected.

J   Upon completion of the audit the hospital will promptly refund the net charges resulting from the mutually agreed upon discrepancies. Refunds will be processed within 30 days of the audit date.

K   Deviation from this policy or unethical behavior by an auditing company or their representative will result in a formal complaint to the auditing or insurance company, which could lead to denial of future auditing privileges at this facility by that auditor.

**\*\*\*SCHEDULING OF AN AUDIT INDICATES COMPLIANCE WITH THIS POLICY\*\*\***